## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **KIM GIBSON**<br>16405 Sunny Glenn Ave.<br>Cleveland, OH 44128<br><br>and<br><br>**LAWRENCE FARRELL**<br>1401 Priory Circle<br>Wintergarden, FL 34787<br><br>      Plaintiffs, individually and on behalf of all others similarly situated,<br><br>    v.<br><br>**U.S. BANK, NATIONAL ASSOCIATION**<br>c/o Andrew Cecere, C.E.O.<br>800 Nicollet Mall<br>Minneapolis, MN 55402<br><br>      Defendant. | Case No.<br><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiffs Kim Gibson ("Gibson") and Lawrence Farrell ("Farrell") (collectively, "Plaintiffs"), each individually, and on behalf of all others similarly situated, by and through counsel, and for their Class Action Complaint for Damages against Defendant U.S. Bank, National Association ("U.S. Bank" or "Defendant") state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Gibson is a natural person residing in Cuyahoga County, Ohio.

2. Plaintiff Farrell is a natural person residing in Wintergarden, Florida.

3. Defendant is a federal depository institution incorporated under the laws of the State of Delaware, and, upon belief, maintains its principal place of business at 800 Nicollet Mall, Minneapolis, MN 55402.

4. U.S. Bank does business in the state of Ohio and is licensed to do business in the state of Ohio as a foreign corporation.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendant solicited business in this District, Plaintiff Gibson is a resident of this District, and a substantial part of the events or omissions giving rise to Plaintiff Gibson's claims occurred in this District.

**THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND REGULATION X**

7. The Real Estate Settlement Procedures Act ("RESPA")—12 U.S.C. §§ 2601, *et seq.*—permits a borrower (or an agent of a borrower) to submit a "qualified written request" requesting an error regarding a "federally related mortgage loan" to be corrected[1] or requesting information relative to such a loan to any servicer of such a loan.[2] 12 U.S.C. § 2605(e)(1).

8. RESPA provides that upon receipt of a qualified written request, "a servicer of a federally related mortgage loan…shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A).

9. Regarding NOEs, RESPA provides that "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request…the servicer shall…make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction" or after conducting an investigation "provide the borrower with a written explanation or clarification that includes…a statement of the reasons for which the servicer believes the account of the borrower is correct" either of which such notice "shall include the name

---

[1] Hereinafter, these qualified written requests shall be referred to as Notices of Error, or "NOEs."
[2] Hereinafter, these qualified written requests shall be referred to as Requests for Information, or "RFIs."

2

and telephone number of a representative of the servicer who can provide assistance to the borrower." 12 U.S.C. § 2605(e)(2); 12 U.S.C. § 2605(e)(2)(A); 12 U.S.C. § 2605(e)(2)(B)(i)-(ii).

10. Regarding RFIs, RESPA provides that "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request… the servicer shall…provide the borrower with a written explanation or clarification that includes" the "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower." 12 U.S.C. § 2605(e)(2); 12 U.S.C. § 2605(e)(2)(C); 12 U.S.C. § 2605(e)(2)(C)(i)-(ii).

11. Further, specifically regarding RFIs requesting the identity and contact information of the owner or assignee of the loan, RESPA provides that a servicer of a federal related mortgage loan shall not fail to respond to such a request within ten (10) business days. 12 U.S.C. § 2605(k)(1)(D).

12. In January 2013, the Consumer Financial Protection Bureau ("CFPB") issued final rules concerning mortgage markets in the United States, pursuant to the authority granted by the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—which amended RESPA.

13. The CFPB's RESPA Mortgage Servicing Final Rules—known as "Regulation X" and codified as 12 C.F.R. § 1024—were issued on January 17, 2013 and became effective on January 10, 2014.

14. Through Regulation X, the CFPB has provided guidance for the interpretation of the foregoing RESPA provisions.

15. Relative to NOEs, Regulation X provides that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred…A qualified written request that asserts an error relating to the servicing of a mortgage loan is a notice of error for purposes of this section, and a servicer must comply with all requirements applicable to a notice of error with respect to such qualified written request." 12 C.F.R. § 1024.35(a).

16. Relative to NOEs, Regulation X provides that a servicer must respond to an NOE by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a phone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a phone number, for further assistance." 12 C.F.R. § 1024.35(e)(1).

17. Relative to RFIs, Regulation X provides that "a servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan." 12 C.F.R. § 1024.36(a).

18. 12 C.F.R. § 1024.36(d)(1) provides that a servicer must respond to an RFI by either "[p]roviding the borrower with the requested information and contact information, including a telephone number, for further assistance in writing" or "[c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance."

19. While much of Regulation X expanded the scope of information and errors about which borrowers could submit RFI and NOEs, Regulation X also provides for additional restrictions and requirements that borrowers have to abide by in sending RFIs and NOEs in order to trigger a servicer's obligation to respond, notably, a servicer may, by written notice provided to a borrower, *establish an address that a borrower must use to submit a request for information or notice of error in accordance with the procedures in this section*. The notice shall include a statement that the borrower must use the established address to request information or assert an error. *If a servicer designates a specific address for receiving information requests, the servicer shall designate the same address for receiving notices of error, and if a servicer designates a specific address for receiving notices of error, the servicer shall designate the same address for receiving information requests*. A servicer shall provide a written notice to a borrower before any change in the address used for receiving an information request or notice of error. A servicer that designates an address for receipt of information requests or notices of error must post the designated address on any website maintained by the servicer if the website lists any contact address for the servicer. 12 C.F.R. § 1024.35(c); 12 C.F.R. § 1024.36(b).

**STATEMENT OF FACTS**

20. U.S. Bank is a mortgage "servicer" as defined by 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(i)(2). U.S. Bank is the current servicer of Plaintiffs' and Class Members' notes and mortgages on real property that secure those notes (collectively referred to hereinafter as the "Loans").

21. The Loans are each a "federally related mortgage loan" as defined by RESPA and Regulation X. 12 U.S.C. § 2602(1); 12 C.F.R. § 1024.2(b).

22. U.S. Bank is subject to the requirements of RESPA and Regulation X, and does not qualify for the exception for "small servicers"—as defined by 12 C.F.R. § 1026.41(e)(4)—nor for the exemption for a "qualified lender"—as defined by 12 C.F.R. § 617.7000.

23. Plaintiffs and Class Members submitted RFIs and/or NOEs to U.S. Bank, each of which were "qualified written requests," as that term is defined by 12 U.S.C. § 2605(e)(1)(B).

24. At all times relevant to this Complaint since January 31, 2019, U.S. Bank voluntarily continued to mandate that borrowers send any RFIs and NOEs to the following address they designated for the receipt of such, pursuant to their authority to do so under 12 C.F.R. § 1024.35(c) and 12 C.F.R. § 1024.36(b):

> U.S. Bank
> Attention: Escalation Center
> P.O. Box 21977
> Eagan, MN 55121

(the "Designated Address").

25. From January 31, 2019 until at least March 11, 2019, U.S. Bank still listed the Designated Address as the address to which RFIs and NOEs "must be directed" by borrowers on its website. A printout of U.S. Bank's website denoting the Designated Address (https://www.usbank.com/mortgage/existing-customer.html) (the "Webpage"), accessed on March 11. 2019, is attached as **Exhibit A**.

26. As directed by U.S. Bank, Plaintiffs and Class Members submitted each of their RFIs and NOEs to U.S. Bank at the Designated Address.

27. The Post Office Box listed in the Designated Address was closed due to "the rental fee being past due" on and since January 31, 2019. "The mail should have been returned upon arrival." The Post Office Box clerk has been instructed "to return these certified mail pieces back to the sender, box closed no forward on file". A copy of a response from a Supervisor at the United States Postal Service ("USPS") to an inquiry (Case ID 142067699) submitted by or on behalf of Attorney Whitney Kaster of DannLaw regarding various RFIs and NOEs sent to the Designated Address is attached as **Exhibit B**.

28. In short, the Designated Address is a Post Office Box that is no longer operational and contains no forwarding address on file. See **Exhibit B**.

## FACTS RELEVANT TO PLAINTIFF GIBSON

29. On or about February 5, 2019, Plaintiff Gibson, through counsel, sent an NOE to U.S. Bank at the Designated Address via U.S. Certified Mail ("Gibson NOE #1"). A copy of the Gibson NOE #1 is attached as **Exhibit C**.

30. On or about February 7, 2019, U.S. Bank sent a mortgage statement to Plaintiff Gibson confirming the Designated address by stating that she was required to send any RFI or NOE to the Designated Address ("Gibson's February Statement"). A copy of Gibson's February Statement is attached as **Exhibit D**.

31. On or about February 28, 2019, Plaintiff Gibson sent an NOE to U.S. Bank at the Designated Address via U.S. Certified Mail ("Gibson NOE #2"). A copy of the Gibson NOE #2 is attached as **Exhibit E**.

32. The Gibson NOE #1 and Gibson NOE #2 (collectively, the "Gibson NOEs") were valid notices of error as defined by 12 C.F.R. § 1024.35(a), and therefore, were valid qualified written requests.

33. Prior to sending each of the Gibson NOEs, Gibson, through counsel, verified the Designated Address by accessing Defendant's Webpage.

34. Despite Plaintiff Gibson sending each of the Gibson NOEs to U.S. Bank at the Designated Address, and such letters arriving at the Designated Address, Plaintiff Gibson received no written acknowledgment or response to the Gibson NOEs.

35. Plaintiff Gibson will not receive any written acknowledgment or response to the Gibson NOEs since such correspondence is to be returned to Plaintiff Gibson, as the Designated Address is no longer valid and U.S. Bank did not establish a forwarding address. See **Exhibit B**.

36. Plaintiff Gibson has suffered harm from U.S. Bank's actions, as it required her to incur costs—such as postage expenses and attorneys' fees—to send the Gibson NOEs to the Designated Address as mandated by U.S. Bank when U.S. Bank knew or should have known that such address was not valid and that Plaintiff Gibson would never receive a response to the Gibson NOEs, in essence, inviting Plaintiff Gibson to unnecessarily waste time and money on an impossibly fruitless effort.

## FACTS RELEVANT TO PLAINTIFF FARRELL

37. On or about February 20, 2019, Plaintiff Farrell, through counsel, sent three (3) RFIs to U.S. Bank at the Designated Address via Certified U.S. Mail, including an RFI seeking information about the identity of the creditor or assignee of Plaintiff Farrell's loan ("Farrell RFI #1"), information regarding loss mitigation efforts related to Plaintiff Farrell's loan ("Farrell RFI #2"), and information related generally to the servicing of Plaintiff Farrell's loan ("Farrell RFI #3)

(collectively, the "Farrell RFIs"). A copy of each of the Farrell RFIs is attached as **Exhibit F**, **Exhibit G**, and **Exhibit H**, respectively.

38. Prior to sending each of the Farrell RFIs, Farrell, through counsel, verified the Designated address by accessing Defendant's Webpage.

39. Despite Plaintiff Farrell sending each of the Farrell RFIs to U.S. Bank at the Designated Address, and such letters arriving at the Designated Address, Plaintiff Farrell received no written acknowledgment or response to the Farrell RFIs.

40. Plaintiff Farrell will not receive any written acknowledgment or response to the Farrell RFIs since such correspondence is to be returned to Plaintiff Farrell, as the Designated Address is no longer valid and U.S. Bank did not establish a forwarding address. See **Exhibit B**.

41. Plaintiff Farrell has suffered harm from U.S. Bank's actions, as it required him to incur costs—such as postage expenses and attorneys' fees—to send the Farrell RFIs to the Designated Address as mandated by U.S. Bank when U.S. Bank knew or should have known that such address was not valid and that Plaintiff Farrell would never receive a response to the Farrell RFIs, in essence, inviting Plaintiff Farrell to unnecessarily waste time and money on an impossibly fruitless effort.

## CLASS ACTION ALLEGATIONS

42. **Class Definition**: Plaintiffs bring this action pursuant to Fed R. Civ. P. 23 on behalf of a class of similarly situated individuals and entities (the "Class"), defined as follows:

> All loan borrowers in the United States (1) who submitted to U.S. Bank a "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), in the form of a Request for Information or Notice of Error which arrived at P.O. Box 21977, Eagan, MN 55121, on or after January 31, 2019, and (2) to whom U.S. Bank failed to provide a written acknowledgement of receipt of or a response to such a qualified written request due to such address no longer being in operation.

43. **Numerosity**: Upon information and belief, the Class is comprised of more than 40 members. This conclusion is reasonable because U.S. Bank is one of the largest mortgage providers and servicers in the country, and has reported servicing mortgages worth approximately $295,000,000,000 as of the first quarter of 2018, $60,000,000,000 of which were internally originated by U.S. Bank[3], and U.S. Bank notified Plaintiffs and Class members for at least over (1) month to send all RFIs and NOEs to an address which was no longer in operation meaning that no such correspondence sent during this time would receive a written acknowledgment or response from Defendant. The Class is so numerous that joinder of all members is impractical. The exact number of members in the Class is presently unknown, can only be ascertained through discovery, and can easily be identified through Defendant's records or by other means.

44. **Commonality and Predominance:** All members of the Class have been subject to and affected by a uniform course of conduct: specifically, U.S. Bank notifying Plaintiffs and Class members for at least over (1) month to send all RFIs and NOEs to an address which was no longer in operation meaning that no such correspondence sent during this time received a written acknowledgment or response from Defendant. There are questions of law and fact common to the proposed Class that predominate over any individual questions.

45. **Typicality:** Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and Class members were denied information to which they were entitled because Defendant unlawfully failed to provide an acknowledgement or response due to Defendant advising borrowers to send any RFIs and NOEs to a defunct address causing Plaintiffs and Class members to incur damages as a result.

---

[3] *U.S. Bancorp Is The Only Major U.S. Bank Still Reporting Mortgage Servicing Growth*, Forbes, June 8, 2018, https://www.forbes.com/sites/greatspeculations/2018/06/08/u-s-bancorp-is-the-only-major-u-s-bank-still-reporting-mortgage-servicing-growth/#32b247cdba20 (last visited March 11, 2019).

46. **Adequacy:** Plaintiffs will adequately represent the interests of the Class and do not have adverse interests to the Class. If individual Class members prosecuted separate actions, it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct. A class action is the superior method for the quick and efficient adjudication of this controversy. Plaintiffs' counsel have extensive experience litigating consumer class actions.

### COUNT ONE:
### VIOLATIONS OF 12 U.S.C. § 2605(e)(1)(A) AND 12 C.F.R. §§ 1024.35(d) and 1024.36(c)
**(on behalf Plaintiffs and the Class)**
**(Failure to send written acknowledgment of receipt of qualified written requests)**

47. Plaintiffs repeat and reallege paragraphs one (1) through forty-six (46) with the same force and effect as though fully set forth herein.

48. Plaintiffs and Class members submitted RFIs and NOEs, each of which were a "qualified written request" as defined by 12 U.S.C. § 2605(e)(1)(B), to U.S. Bank at the Designated Address.

49. Plaintiffs' and Class members' NOEs alleged that U.S. Bank committed specific errors related to their loans as enumerated in 12 C.F.R. §§ 1024.35(b)(1)-(11), pursuant to 12 C.F.R. § 1024.35.

50. Plaintiffs' and Class members' RFIs requested specific information related to their loans, pursuant to 12 C.F.R. § 1024.36.

51. U.S. Bank failed to provide written acknowledgment of Plaintiffs' and Class members' RFIs and NOEs within five (5) business days of receipt—that is, within five (5) business days of arrival at the Designated Address—as required by 12 U.S.C. § 2605(e)(1)(A) and 12 C.F.R. §§ 1024.35(d) and 1024.36(c).

52. U.S. Bank's failure to provide written acknowledgment of Plaintiffs' and Class members' RFIs and NOEs within five (5) business days of receipt constitutes clear violations of

the requirements of 12 U.S.C. § 2605(e)(1)(A), as interpreted by 12 C.F.R. §§ 1024.35 and 1024.36.

53. Plaintiffs and Class members were harmed because they incurred the expenses associated with sending RFIs and NOEs—such as their time, postage, etc.—but did not receive the written acknowledgements of receipt to which they were legally entitled, pursuant to RESPA and Regulation X and, since the Designated Address is inoperable, they have no expectation to receive such acknowledgment in the future.

54. As U.S. Bank can (and did) mandate the address to which borrowers *must* submit RFIs and NOEs, by mandating that such correspondence be sent to a defunct address, U.S. Bank is evading its legal obligations and has effectively stripped borrowers of their rights to submit RFIs and NOEs within and subject to the protective framework of RESPA.

55. U.S. Bank's actions are believed to be the continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' and Class members' rights.

56. As a result of U.S. Bank's actions, U.S. Bank is liable to Plaintiffs and Class members for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. § 2605(f)(2)-(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs KIM GIBSON and LAWRENCE FARRELL, individually, and on behalf of the Class, pray for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

    B.    Designating Plaintiffs as representatives of the Class and their undersigned counsel as Class Counsel;

  C. Entering judgment in favor of Plaintiffs and the Class and against Defendant;

  D. Awarding Plaintiffs and the Class their actual damages, statutory damages as allowed under RESPA, and punitive damages;

  E. Awarding Plaintiffs and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

  F. Granting all such further and other relief as this Court deems just and appropriate.

<u>**COUNT TWO:**</u>
<u>**VIOLATIONS OF 12 U.S.C. § 2605(e)(1)(A) AND 12 C.F.R. §§ 1024.35(d) and 1024.36(c)**</u>
**(on behalf Plaintiffs and the Class)**
**(Failure to provide written responses to qualified written requests)**

57. Plaintiffs repeat and reallege paragraphs one (1) through forty-six (46) with the same force and effect as though fully set forth herein.

58. Plaintiffs and Class members submitted RFIs and NOEs, each of which were a "qualified written request" as defined by 12 U.S.C. § 2605(e)(1)(B), to U.S. Bank at the Designated Address.

59. Plaintiffs' and Class members' NOEs alleged that U.S. Bank committed specific errors related to their loans as enumerated in 12 C.F.R. §§ 1024.35(b)(1)-(11), pursuant to 12 C.F.R. § 1024.35.

60. Plaintiffs' and Class members' RFIs requested specific information related to their loans, pursuant to 12 C.F.R. § 1024.36.

61. U.S. Bank failed to provide a substantive written response to Plaintiffs' and Class members' RFIs and NOEs within the applicable timeframes of ten (10) or thirty (30) business days of receipt—that is, within ten (10) or thirty (30) business days of arrival at the Designated Address—as required by 12 U.S.C. § 2605(e)(1)(A) and 12 C.F.R. §§ 1024.35(e) and 1024.36(d).

62. U.S. Bank's failure to provide a substantive written response to Plaintiffs' and Class members' RFIs and NOEs within the applicable timeframes of ten (10) or thirty (30) business days of receipt constitutes clear violations of the requirements of 12 U.S.C. §§ 2605(e)(2) and 2605(k)(1)(D), as interpreted by 12 C.F.R. §§ 1024.35 and 1024.36.

63. Plaintiffs and Class members were harmed because they incurred the expenses associated with sending RFIs and NOEs—such as their time, postage, etc.—but did not receive the information or responses to which they were legally entitled, pursuant to RESPA and Regulation X and, since the Designated Address is inoperable, they have no expectation to receive such information or responses in the future.

64. As U.S. Bank can (and did) mandate the address to which borrowers *must* submit RFIs and NOEs, by mandating that such correspondence be sent to a defunct address, U.S. Bank is evading its legal obligations and has effectively stripped borrowers of their rights to submit RFIs and NOEs within and subject to the protective framework of RESPA.

65. U.S. Bank's actions are believed to be the continuation of a pattern and practice of behavior in conscious disregard of the Plaintiffs' and Class members' rights.

66. As a result of U.S. Bank's actions, U.S. Bank is liable to Plaintiffs and Class members for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. § 2605(f)(2)-(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs KIM GIBSON and LAWRENCE FARRELL, individually, and on behalf of the Class, pray for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B. Designating Plaintiffs as representatives of the Class and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendant;

D. Awarding Plaintiffs and the Class their actual damages, statutory damages as allowed under RESPA, and punitive damages;

E. Awarding Plaintiffs and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

F. Granting all such further and other relief as this Court deems just and appropriate.

Respectfully Submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Daniel M. Solar (0085632)
**DANNLAW**
P.O. Box. 6031040
Cleveland, Ohio 44103
Office: (216)373-0539
Facsimile: (216)373-0536
notices@dannlaw.com

Thomas A. Zimmerman, Jr. (*pro hac vice* anticipated)
*tom@attorneyzim.com*
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

*Counsel for Plaintiffs Kim Gibson and Lawrence Farrell*

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues.

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Daniel M. Solar (0085632)
*Counsel for Plaintiffs Kim Gibson and Lawrence Farrell*